**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   FEDERAL   NATIONAL   MORTGAGE          No. C-12-04496 DMR
     ASSOCIATION,
12                                          **ORDER REASSIGNING CASE TO**
                  Plaintiff,                **DISTRICT JUDGE; AND REPORT AND**
13                                          **RECOMMENDATION TO GRANT IFP**
            v.                              **APPLICATION AND REMAND TO**
14                                          **SUPERIOR COURT OF CALIFORNIA**
     DORIS JAIME, et al.,
15
                  Defendants.
16   _____/

17

18
           Defendants Amanda Franco and Cesar Franco ("Defendants") removed this case pursuant to
19
     28 U.S.C. § 1441 from Yolo County Superior Court, where it was pending as a complaint for
20
     unlawful detainer against Defendants.  The Notice of Removal states one ground for removal: that
21
     the Complaint presents a federal question such that the case could have originally been filed in this
22
     Court.  (Notice of Removal ¶ 3.)  Defendants have also filed applications to proceed *in forma*
23
     *pauperis* ("IFP").
24
           When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly
25
     appears on the face of the notice and any exhibits annexed thereto that removal should not be
26
     permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Defendants
27
     have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28
28

United States District Court

For the Northern District of California

U.S.C. § 636(c).  Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

### I.  IFP Application

Having evaluated Defendants' financial affidavits, the court finds that they have satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP applications be granted.  The court next turns to the issue of subject matter jurisdiction.

### II.  Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint.  *Id*. at 830.  The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction.  *Id*. at 831.

According to Defendants' Notice of Removal, a federal question arises because Plaintiff Federal National Mortgage Association "has violated federal law" by discriminating against Defendants, and Defendants appear to assert as a defense a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009).  (Notice of Removal 2-5.)  The complaint that Plaintiff filed in Yolo County Superior Court, however, simply alleges a state cause of action under unlawful detainer.  (Compl. ¶¶ 12-15.)  Whatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction.

**United States District Court**
For the Northern District of California

### III. Conclusion

For the reasons above, the court recommends that Defendants' IFP applications be granted and that this action be remanded to the Yolo County Superior Court, and that Plaintiff's Motion for Remand [Docket No. 6] be denied as moot.  The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated:  September 25, 2012



DONNA M. RYU                        Donna M. Ryu
United States Magistrate Judge

3